**CLOSED**

<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
SOHAIL CHAUDHRY,              :   CIVIL ACTION NO: 10-3119 (FSH)
                              :
         Petitioner,          :
                              :
     v.                       :   **OPINION & ORDER**
                              :
UNITED STATES OF AMERICA,     :   October 5, 2011
                              :
         Respondent.          :
_____ :

Petitioner Sohail Chaudhry submitted a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] After carefully reviewing the submissions of the parties, the Court denies the motion.

---

[1] Petitioner has also filed two motions: 1) for appointment of counsel; and 2) to compel discovery. Petitioner seeks discovery yet again on matters relating to his continued and unsubstantiated belief that there are more Yahoo! instant message chats (hereinafter "IM"). This motion will be denied because this issue has been litigated over and over and over again from the very outset of the case, with the Court having taken exhaustive measures to ensure that all discovery on this issue was diligently pursued, and which yielded nothing remotely useful to the defense. Therefore, the Court finds that good cause does not exist to authorize even more discovery now. *See* Rule 6(a) of the Rules Governing Section 2255 Proceedings ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). No "good cause" has been set forth.
   Petitioner's motion for appointment of counsel is also denied because the Court finds the interests of justice do not require the appointment of counsel as Petitioner simply raises the same claims that he has raised throughout each and every phase of his criminal case. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever ... the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section ... 2255 of title 28.").

I.      **Factual and Procedural History**

On September 21, 2006, a federal grand jury indicted Sohail Chaudhry on two counts.[2] The first count of the Indictment alleged that Chaudhry traveled interstate with the intent to engage in criminal sexual activity with a minor, in violation of 18 U.S.C. § 2423(b).  The second count alleged that Chaudhry used an interstate facility to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  On June 4, 2007, a jury trial in this matter was commenced.  The evidence presented at trial consisted primarily of transcripts of approximately six months of sexually explicit internet chats between Defendant and an undercover law enforcement officer posing on-line as a 14-year-old girl using the moniker "cheergrlsam," as well as the recording of phone conversations between the Defendant and a female police officer posing as "cheergrlsam."  Defendant drove from Philadelphia, Pennsylvania to South Hackensack, New Jersey to meet "Sam" at a McDonald's in South Hackensack on January 4, 2006.  Defendant was arrested when he arrived at the designated McDonald's.  At trial, Defendant's defense included his own testimony as well as two expert witnesses, including an expert in linguistics.  On June 13, 2007, the jury returned guilty verdicts on both counts.

On June 27, 2007, Chaudhry filed a motion for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.  This Court denied the motion for a new trial on September 12, 2007.  On November 28, 2007, this Court sentenced Chaudhry to an 84-month term of imprisonment.  Chaudhry filed a notice of appeal on November, 30, 2007.  On December 5,

---

[2] Originally, Chaudhry was represented by Michael Chazen, Esq., until new counsel, Stephen Weinstein, Esq., was substituted.  On January 23, 2007, Mr. Weinstein withdrew as counsel and Hamdi Rifai, Esq. was substituted.  Mr. Rifai represented him during extensive pre-trial proceedings, trial and sentencing, along with Anthony Iacullo, Esq.

2007, Chaudhry filed another motion for a new trial; this Court stayed the motion pending disposition of Chaudhry's appeal.  This Court denied Chaudhry's pending motion for a new trial on March 18, 2008.  On March 13, 2009, the United States Court of Appeals for the Third Circuit denied Chaudhry's appeal and affirmed the judgment of this Court in all respects.  On October 5, 2009, the United States Supreme Court denied Chaudhry's petition for a writ of certiorari.

On June 18, 2010, Chaudhry filed the instant motion to vacate, set aside or correct his conviction and sentence, pursuant to 28 U.S.C. § 2255, claiming that he was convicted due to prosecutorial misconduct and because he was denied the effective assistance of trial counsel.

## II.    Legal Standard

28 U.S.C. § 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.  Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001).  Section 2255 is intended to remedy only "fundamental defect[s] which inherently result[] in a complete miscarriage of justice" or "omission[s] inconsistent with the rudimentary demands of fair procedure."  *Hill v. U.S.*, 368 U.S. 424, 428 (1962).  Thus, the grounds for collateral attacks on final judgments are "narrowly limit[ed]," so that "an error that may justify reversal on direct

appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979), *superseded on other grounds by statute*. "Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted).

When a prisoner has failed to raise a claim at sentencing and on direct appeal, the prisoner may not obtain collateral review for that claim unless he meets his burden under the cause and actual prejudice standard. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993). Under this standard, the prisoner "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 168.

To show that cause existed for his double procedural default, a prisoner must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim." *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). "It is now well established that a successful claim of ineffective assistance of counsel under *Strickland v. Washington* . . . satisfies the 'cause' prong of a procedural default inquiry." *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999).

Under the two-prong test established in *Strickland* for evaluating ineffective assistance of counsel claims, the petitioner has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To show that his counsel's performance was deficient, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Finally, § 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a court must "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, the prisoner is not entitled to a hearing "if his allegations [are] contradicted conclusively by the record, or if the allegations [are] patently frivolous." *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001); *see also* 28 U.S.C. § 2255.

### III. Discussion

Chaudhry argues that his conviction and sentence should be set aside because there were "numerous, cumulative errors affecting his right to fair proceedings," stemming from the "perfect storm" created by trial counsel's ineffective assistance and "the deliberate sequestration, suppression, and destruction of exculpatory evidence by agents of the prosecution and the receipt of perjured testimony at trial by the Government's chief witness as it related to the guilt or innocence of [Petitioner]." Specifically, Chaudhry alleges that: (1) the Government committed prosecutorial misconduct because it suborned perjury and used false testimony because Officer Agar testified falsely regarding the opening IMs between himself and Chaudhry; (2) the Government committed prosecutorial misconduct because it knowingly made misrepresentations to the Court; and (3) "government induced" ineffective assistance of trial counsel.

Chaudhry alleges that the Government suborned perjury because Officer Agar, who posed as "cheergrlsam," testified falsely regarding the opening IMs between himself and Chaudhry. Ignoring the six months of highly inculpatory IM chats, Chaudhry again perseverates on the purported first 2 lines of these reams of chats. Presenting nothing that has not been argued and re-argued endlessly throughout the long history of this case, Petitioner claims the Government purportedly used "false testimony" because Officer Agar testified that the Yahoo! software does not archive the first line of every chat conversation initiated by another user. Chaudhry contends that is "disingeneously [sic] incomplete." Chaudhry claims that the Government misrepresented to the Court that Officer Agar's perception of Chaudhry as a middle-easterner was "not an issue." That is purportedly because Officer Agar had come "into near personal contact" with at least three of the 9/11 terrorists and perhaps blamed himself for failing to prevent what later happened, with no factual basis for this gross supposition by Chaudhry. Chaudhry supports this argument by alleging that of the at least 17 internet decoy investigations initiated by Officer Agar, his was the only one in which the Department of Homeland Security was contacted.[3]

Chaudhry also claims that his Sixth Amendment rights were violated as a result of "Government induced" ineffective assistance of counsel.[4] Trial counsel for Chaudhry is now

---

[3] The Court finds that there is simply no basis, nor supporting evidence, for Chaudhry's belief that Officer Agar was somehow biased against men of middle eastern descent, or that such alleged bias affected the trial's outcome in any manner whatsoever. This case is and was always about sexually explicit IM chats between the Defendant and an undercover officer posing as a 14-year old cheerleader. It had zero to do with a security issue or 9/11/2001.

[4] All of Petitioner's claims regarding the ineffective assistance of counsel claims stem from Petitioner's unsubstantiated position, that has been unsuccessful at every stage of this litigation, that exculpatory evidence existed in the form of instant message chats that the government failed to turn over that would have somehow changed the result of his trial. However, counsel cannot be ineffective for failing to either investigate or reveal evidence that

claimed to be ineffective because he relied on representations by the Government, which are claimed to involve misconduct, as described above. Chaudhry also claims that because Hamdi Rifai, Esq., had only 5 months to prepare for trial, "no competent attorney could have rendered effective assistance of counsel."[5] Exculpatory evidence could have been presented, Chaudhry argues, if counsel had had sufficient time to prepare.

Hamdi Rifai is now argued to have been ineffective for many reasons, including failure to: 1) investigate adequately pre-trial relevant documentary evidence regarding Yahoo! Messenger records related to instant message chat conversations; 2) obtain Yahoo! records in a timely fashion; 3) familiarize himself with the Yahoo! Messenger design construct prior to sentencing; 4) subpoena an Internet chat room behavior expert who could testify regarding chat logs; 5) retain a police policies and procedure expert who could testify regarding the undercover agent's conduct in the IM chats; 6) justify the request for a "spoliation of evidence" jury

---

does not exist. Petitioner's claim has been ruled on *ad nauseum* and Petitioner's newest way of raising his claim fails because Petitioner is unable to demonstrate that his counsel's performance was deficient. Indeed, this is nothing more than a new way of claiming prosecutorial misconduct; in its essence, Chaudhry claims that his counsel was ineffective because prosecutors denied him evidence.

[5] Both the voluminous record of pretrial motions and trial proceedings, as well as Hamdi Rifai's Certification, filed in support of Petitioner's Petition, reveals just how well prepared Rifai was and how zealously he advocated on Chaudhry's behalf. Mr. Rifai diligently, relentlessly, and repeatedly made an extraordinary number of pre-trial motions on behalf of Petitioner (including multiple motions to suppress and compel), prepared "core defenses," sought a 'spoliation of evidence' jury instruction at trial because such an argument was essential to making these Yahoo! IM chat arguments before the jury, and successfully argued for an entrapment jury instruction. In his 5 months of trial preparation, Mr. Rifai worked zealously to ensure that Petitioner was afforded a fair trial. Petitioner cannot establish that counsel's conduct fell outside the range of acceptable reasonable professional assistance nor that he was prejudiced as a result of counsel's performance. Rifai's Certification shows that he is still trying his utmost to help Chaudhry, claiming now to have been ineffective because of purported Government misconduct.

instruction; and 7) investigate the age requirement for who may participate in Yahoo! chat rooms.

The Government argues in response to Chaudhry's § 2255 motion that it clearly and unequivocally satisfied its *Brady* obligations.[6] The Government also correctly observes that "petitioner's latest motion is replete with arguments that have already been addressed and denied. To the extent Petitioner claims ineffective assistance of counsel, any such claims are contradicted by the Rifai Cert. which outlines exactly what steps he took in zealously advocating on Petitioner's behalf." Answer, at 4-5.

The Government's points are clear, fully supported by the record, and true. It is clear beyond peradventure that Petitioner's eight separate grounds in support of his § 2255 motion are all nothing more than an attempt to re-litigate that which has already been decided by this Court and the Third Circuit Court of Appeals. All have already been raised and re-raised by Petitioner in pre-trial motions, during trial, in post-trial motions, on appeal to the United States Court of Appeals for the Third Circuit and finally in a writ of certiorari to the United States Supreme Court. More ink has been addressed to those mere 2 lines of chat than is humanly conceivable. These 2 lines were followed by 6 months of explicit text, which proved guilt beyond any doubt. The record of the voluminous and exhaustive pretrial proceedings since the beginning of this case are replete with endless hours of time, investigation, argument, expert forensic analysis, and

---

[6] Petitioner's claim regarding the Government's failure to comply with its *Brady* obligations is denied. Petitioner has failed to identify any exculpatory evidence that the Government failed to produce and therefore, the Court finds that the Government complied with its *Brady* obligations. Again, this is a claim that has been litigated and re-litigated and this Court still finds it unavailing.

testimony about the very same argument, again made in this motion. While Chaudhry has continued to make these unfounded claims over and over and over again, nothing has ever supported those claims and nothing new is shown now. As this Court has ruled after giving extraordinary pretrial discovery and investigative opportunities to defense counsel, there has never been an iota of a whiff of prosecutorial misconduct nor a scintilla of exculpatory evidence. By contrast, the inculpatory evidence was voluminous and powerful.

On March 20, 2007, Chaudhry filed a motion to compel the production of instant message chats prior to the date of June 20, 2005 and the initial chats between Chaudhry and "cheergrlsam." Defendant argued at that time that there were instant message chats over a month prior to what had been provided by the Government.[7] The Government opposed this motion, arguing vehemently that the government had provided all IM chats in its possession and that "Defendant's unsubstantiated beliefs that additional chats exist are just that. . . unsubstantiated beliefs." Brief of the United States in Opposition to Defendant Sohail Chaudhry's Omnibus Pretrial Motions, filed March 27, 2007, p. 20. After exhaustive briefing, testimony from both Defendant and Officer Agar, a Court-ordered thorough examination of Officer Agar's computer and oral argument on the motion to compel prior IM chats, this Court denied Defendant's motion to compel, finding that there was absolutely no evidence that there were any conversations between Defendant and "cheergrlsam" before June 20, 2005, which Officer Agar testified was

---

[7] Chaudhry also claimed that he could not produce his own computer with the earlier (fictitious) chats with "cheergrlsam" because the computer he was using when "cheergrlsam" initiated the chats had been thrown away after it had become "non-functional" and was somewhere in a Pennsylvania landfill; yet, he accused the Government of a *Brady* violation for not producing them.

9

the date of the creation of "cheergrlsam" as a Yahoo! account. Defendant raised this issue again during trial as part of his defense, and testified about a fictitious 2 months of "destroyed" chats that preceded the six months of actual, highly damaging IM chats. The Government called Yahoo! on its rebuttal case, with evidence that put the lie to Chaudhry's testimony about 2 months of chats that occurred earlier than the six months of actual chats, by proving that there was no "cheergrlsam" in existence before June 20, 2005. The jury, in finding Chaudhry guilty on both counts, clearly rejected Chaudhry's defense.

After trial, Chaudhry filed motions under Rule 29 and 33 of the Federal Rules of Criminal Procedure, raising these same points yet again. Both motions were denied by Opinion and Order dated September 11, 2007. At Defendant's sentencing hearing, Defendant's former attorney made statements that formed the basis of a renewed Rule 33 motion. In this renewed Rule 33 motion for a new trial, Chaudhry argued that his trial attorney learned during the trial of the inculpatory nature of cheergrlsam's Yahoo Account Management Tool ("YAMT")and that trial counsel chose not to accept the YAMT from Yahoo in response to a trial subpoena to Yahoo, without telling Chaudhry the full details of the inculpatory information in the YAMT. This Court rejected Chaudhry's motion for a new trial, finding that a new trial was not required by the interests of justice because their was simply no new evidence provided by the use of the YAMT and the battle over the first few lines of the chat was immaterial in light of the weight of the evidence against him.

On appeal to the United States Court of Appeals for the Third Circuit, Chaudhry again raised the issue regarding the alleged "prior" IM chats. Specifically, Chaudhry presented a claim on appeal regarding the ineffective assistance of trial counsel which resulted from his belief that

the Government had failed to preserve and/or produce exculpatory evidence which was allegedly contained in the so-called "initial conversations" with "cheergrlsam" and that trial counsel's performance was somehow deficient due to his failure to present a successful defense based on this argument.  Although the Third Circuit noted that claims of ineffective assistance of trial counsel should be raised in collateral proceedings, the Circuit Court of Appeals nonetheless rejected the factual premise of Chaudhry's argument regarding the "initial" chats, stating:

> Chaudhry argues that he was denied his right to a fair trial because the Government failed to preserve exculpatory evidence allegedly contained in his "initial conversations" with Cheergrlsam.  Appellant Br. at 47.  We reject this argument.  As discussed in Section IV.A., supra, the Government was able to refute the defense that earlier, exculpatory communications between Chaudhry and Cheergrlsam existed, and thus was under no obligation to "preserve" such communications.

*United States of America v. Sohail Chaudhry*, No. 07-4540, at 11 (3d Cir. filed April 6, 2009).

Here, Chaudhry has failed to demonstrate any error on the part of his former counsel.  A review the of the entire record establishes that Petitioner's counsel put on a very rigorous defense in support of Chaudhry and raised the issue of the supposed "other" IM chats multiple times during every phase of the litigation, albeit unsuccessfully.  Though counsel's arguments on this issue did not succeed, it cannot be said that counsel was deficient.  Defense counsel repeatedly argued that there were "other" "exculpatory" IM chats, a position that this Court and the Third Circuit Court of Appeals found entirely meritless.  Because Mr. Rifai vigorously contested the Government's position that there were no additional Yahoo! IM chats, Chaudhry cannot establish that counsel was deficient or that he was prejudiced as a result.  In fact, Mr. Rifai, always such a zealous advocate for Chaudhry, now submits a certification stating that there was "government

11

induced" ineffective assistance (on the same meritless basis) but at the same time clearly outlining all of the steps he took in ardently representing Chaudhry.

"Government induced" ineffective assistance of counsel is nothing more than a dressed-up claim of prosecutorial misconduct. At its core, Rifai claims that he would have been more effective if the Government had given him these other chats, which this Court and the Third Circuit found non-existent. The *Strickland* test is not met where the arguments that Petitioner insists should have been presented by his counsel are meritless, and baseless, arguments. *See Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998). In other words, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit." *Singletary v. Blaine*, 89 Fed. Appx. 790, 794 (3d Cir. 2004); *Moore v. Deputy Commissioner of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991). Accordingly, even though this Court has determined that Chaudhry's claim does not satisfy the *Strickland* standard, Chaurdhry's claim is also denied because the essential factual underpinnings of this claim have already been previously litigated and found baseless by both this Court and the Third Circuit.[8] *See DeRewal*, 10 F.3d at 105 n. 4.

**THEREFORE, IT IS** on this 5th day of October, 2011, hereby

**ORDERED** that Petitioner's motion is **DENIED**; and it is further

**ORDERED** that Petitioner's motion to compel discovery is **DENIED**; and it is further

**ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**; and it is further

---

[8] A litigant may not attempt to circumvent this rule "by clothing a previously-litigated substantive claim in ineffective assistance garb." *United States of America v. McKines-El*, 2005 WL 1215953, *5 (M.D. Pa. April 26, 2005).

**ORDERED** that because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by Section 102 of the AEDPA, 28 U.S.C. §2253(c), a Certificate of Appealability should **NOT** issue; and it is further

**ORDERED** that this case is **CLOSED**.

**s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.